**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 1:20cr99-HSO-RPM-1**
**Civil No. 1:26cv92-HSO**

**JOSE HUMBERTO GANDARA**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JOSE HUMBERTO GANDARA'S MOTION [85] TO VACATE UNDER 28 U.S.C. § 2255**

In this case, a jury found Defendant Jose Humberto Gandara guilty on Count One of the Superseding Indictment [29] (filed under seal), which charged him with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). *See* Jury Verdict [48] (redacted); J. [59]. Gandara appealed his conviction and 240-month sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed. *See* Op. [79]. Gandara now seeks to vacate his conviction under 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel. *See* Mot. [85]. Having considered the Motion [85], the parties' briefs, relevant legal authority, and the record in this criminal case, the Court finds that because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Motion [85] should be denied without an evidentiary hearing. 28 U.S.C. § 2255(b).

## I. BACKGROUND

### A. Procedural History

On October 6, 2020, Defendant Jose Humberto Gandara ("Gandara" or "Defendant") was named in a single-count indictment in the Southern Division of the Southern District of Mississippi. PSR [55] at 4 (filed under seal). Gandara was not apprehended until March 6, 2023, when he was arrested in the Southern District of Texas. *See id.* On April 13, 2023, Gandara's Federal Public Defender, Ellen Allred, made an appearance, Dkt. [20], and on May 15, 2023, this Court granted an ore tenus motion to substitute Fred Hornsby, III as Gandara's counsel, Order [23]. A final substitution of counsel was granted on September 25, 2023, with the appointment of K.C. Hightower. Order [36]. During the time period of these substitutions and thereafter, Defendant requested, and this Court granted, several motions to continue the trial date. *See* Dkt. [21], [25], [27], [38]; *see also United States of America v. Jose Humberto Gandara*, 1:20-cr-00099-HSO-RPM (S.D. Miss).

On August 22, 2023, Gandara was named in a Superseding Indictment [29] charging:

> that beginning in and around March 2015, and continuing up to in and around July 2016, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, Jose Humberto Gandara, did knowingly and intentionally conspire with others, both known and unknown to the grand jury, to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), all in violation of Title 21, United States Code, Section 846.

PSR [55] at 5 (filed under seal). Gandara proceeded to a four-day jury trial beginning on January 8, 2024, in which the Government presented evidence and argument tending to show that Gandara participated in a conspiracy to possess with intent to distribute several kilograms of cocaine. *See id.* at 19-20. The trial concluded with a unanimous guilty verdict on January 11, 2024. *See* Jury Verdict [48] (redacted) at 1-2. The Court subsequently sentenced Gandara to a 240-month (20 year) term of imprisonment, 3 years of supervised release, a $10,000.00 fine, and a $100.00 special assessment. *See* J. [59].

B. Gandara's § 2255 Motion [85]

Gandara's § 2255 Motion [85] to Vacate identifies four grounds which he argues constituted ineffective assistance of counsel ("IAC"), but his Memorandum [86] in support of his Motion [85] reasserts the same four grounds and adds thirteen more, and his Declaration [85-1] in Support of his Motion [85] adds a final ground, for a total of eighteen bases on which Gandara argues IAC. *See* Motion [85] to Vacate; Memorandum [86] in Support; Declaration [85-1] in Support. The Court will provide a brief overview of each component of the briefing.

1. Gandara's Arguments

Gandara's Motion [85] to Vacate is premised on eighteen separate grounds of ineffective assistance of counsel. Those grounds include assertions that Defendant's counsel: failed to make objections; failed to properly investigate the facts of his case; failed to apprise him of the benefits or risks of trial or accepting a plea bargain; violated his speedy trial rights by moving to continue trial several times; deprived

him of his right to testify at trial; failed to properly consult with him before and during trial; failed to subpoena a witness; and failed to challenge the firearm enhancement of his sentence. *See generally* Mem. [86]; Decl. [85-1]. Many of Defendant's eighteen grounds for IAC appear duplicative or are conclusory and unsupported by any corresponding factual substance. *See* Dkt. [85], [86], [85-1]. The Court will nevertheless liberally construe them and grant Gandara the benefit of reviewing each of his grounds individually on the basis of all factual allegations he has made anywhere in his submissions to the Court.

2. Hornsby's Affidavit [89]

Fred Hornsby, III, who represented Gandara from May 15, 2023, to September 25, 2023, submitted an Affidavit [89] to the Court in response to Gandara's assertions of IAC with respect to him. Hornsby's Affidavit [89] rejects each of Gandara's assertions, stating that he: requested continuances of trial for Defendant's benefit; fully reviewed and discussed evidence and discovery with Defendant; and set out options and potential consequences with respect to a plea agreement between Defendant and the Government. *See* Hornsby's Aff. [89] at 1-2. In sum, Hornsby denies that he was ineffective.

3. Hightower's Affidavit [88]

K.C. Hightower, who represented Gandara from September 25, 2023, and through trial, sentencing, and appeal to June 9, 2025, has also submitted an Affidavit [88] in response to Gandara's assertions with respect to him. Hightower's Affidavit [88] denies each of Gandara's claims that he was ineffective, stating that

he: discussed a potential speedy trial violation motion with Defendant but that counsel believed it would not be well taken by the Court on the facts of this case; never forced Defendant to enter a "not guilty" plea; discussed maximum sentence exposure with Defendant; strongly encouraged Defendant to accept a plea agreement but that Defendant refused to; reviewed all evidence with Defendant; apprised Defendant of his right to appeal; communicated with Defendant during the appeal process; reviewed trial defenses with Defendant; made strategic decisions with respect to motions practice and witness selection; made numerous strategic objections at trial and various objections to the Presentence Investigation Report ("PSR"); and that it was Defendant's free choice not to testify. *See* Hightower Aff. [88] at 1-8. In total, Hightower "disputes each and every allegation contained within Mr. Gandara's Motion to Vacate." *Id.* at 8.

4. The Government's Response [90]

The Government's Response [90], like the Court's forthcoming analysis, addresses each of Gandara's asserted grounds. *See generally* Resp. [90]. In particular, the Government argues that each and every one of Gandara's allegations fails to satisfy the test for IAC enumerated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 6-28. In addition, the Government contends that an evidentiary hearing is not necessary nor supportable on this record under Fifth Circuit caselaw.[1] *See id.* at 28-29.

---

[1] Citing *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009); *United States v. Peters*, 2021 WL 3711174 at *3 (S.D. Miss. 2021); *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013); *United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015).

5. Gandara's Reply [91]

In his Reply [91], Gandara largely reasserts the contentions of his prior filings, but notably advances new arguments in support of the necessity of an evidentiary hearing. *See generally*, Reply [91]. Specifically, he argues that several of his alleged grounds for IAC are rebutted by nothing more than the affidavits of his former attorneys, and that as such, the Court should convene an evidentiary hearing to determine credibility. *See* Reply [91] at 2-3.

## II. DISCUSSION

### A. Legal Authority

A prisoner may move to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255 on any one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Upon a finding that any one of these four grounds are present, a court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To succeed on an ineffective assistance of counsel claim, a defendant

must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *See Strickland*, 466 U.S. at 687-88. "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997). But "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

With respect to the deficient performance prong of the test, a court will presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ," and a defendant must overcome that presumption. *Nelson v. Davis*, 952 F.3d 651, 659 (5th Cir. 2020) (internal quotation marks omitted). To demonstrate "prejudice" in the *Strickland* sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Defense counsel's 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable.'" *Mejia v. Davis*, 906 F.3d 307, 316 (5th Cir. 2018) (citing *Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690)). Additionally, "[b]ecause deciding whether to call witnesses is a strategic trial decision, this Court has held that complaints of uncalled witnesses are disfavored as a source of *Strickland* habeas review." *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005) (internal quotation marks omitted).

After the Government answers a § 2255 motion, the court reviews the motion, the answer, any transcripts, and the record to determine whether an evidentiary hearing is warranted. *See* Rule 8 of § 2255 Rules. "A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018), *as revised* (Dec. 19, 2018); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). "Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013); *see also United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019).

B. Analysis

1. Ground One

Gandara's first asserted ground for relief based on IAC states:

> Counsel were ineffective during the plea phase, pretrial, and sentencing phases because Counsels [sic] [1] failed to apprise Petitioner of the facts, [2] omitted and mislead [sic] Petitioner with vital case information, [3] failed to adequately consult with Petitioner, and [4] waived Petitioner's exclusive right to decide to plead guilty or opt to trial.

Mem. [86] at 5. Liberally construing his Memorandum, the Court takes Gandara's statement here to allege IAC with respect to both Hornsby and Hightower during pretrial and plea negotiations, and with respect to Hightower[2] at sentencing.

Gandara's first three contentions on this ground concern his communications with Hornsby and Hightower, particularly whether they adequately consulted him about his case and whether they misled him. On adequate consultation, Gandara's own Declaration [85-1] acknowledges and refers to several communications he had with his attorneys all throughout pretrial proceedings, plea negotiations, and sentencing. *See* Decl. [85-1] at 7-12. And both Hornsby's Affidavit [89] and Hightower's Affidavit [88] describe occasions on which they spoke to Gandara about his case. *See* Hornsby Aff. [89] at 1-3; Hightower Aff. [88] at 2-5, 8-9. On whether Gandara was misled in any manner with respect to his case by either attorney, he makes no credible factual allegations to support that contention.[3] Accordingly, Gandara makes no allegations that overcome the presumption that his counsel's assistance was reasonable. *See Strickland*, 466 U.S. at 687-88; *see also Nelson*, 952 F.3d at 659. And Gandara makes no allegations whatsoever concerning how his

---

[2] While this ground references "[c]ounsels," perhaps extending to his attorney before Hightower, Mem. [86] at 5, no attorney other than Hightower represented him at sentencing.

[3] The only specific allegation Gandara makes that one of his attorneys misled him is that he believes Hornsby, who withdrew as his counsel on September 25, 2023, after being called to active duty in the Army National Guard for deployment to Kuwait and Iraq for Operation Enduring Freedom, did not actually deploy at all. *See* Decl. [85-1] at 8. Rather, Gandara asserts Hornsby fabricated his military deployment as part of a "conspiracy" with the Government to delay his trial. *Id.* Gandara does not explain how this prejudiced his case, nor does he support these allegations with any evidence, so the Court addresses them no further.

communications with counsel, or lack thereof, prejudiced his case. *See Strickland*, 466 U.S. at 687-88. These arguments cannot sustain his IAC claim.

As for his argument that counsel waived his exclusive right to decide to plead guilty, Gandara must prove three things: (1) First, that but for the ineffective counsel, there is a reasonable probability that he would have accepted the plea; (2) second, that the Court would have accepted the plea terms; and (3) third, that his conviction or sentence would have been less severe. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Gandara has shown no such thing. Rather, Hightower submits he negotiated a cap of Gandara's term of incarceration to five years so long as he pled guilty to an "ITAR" under 18 U.S.C. § 1952(a), which Hightower encouraged him to consider, but which Gandara refused, Hightower Aff. [88] at 2, and Gandara himself acknowledges that he "pressured [Hightower] to go to trial," Decl. [85-1] at 9. Gandara also confirmed at the Pretrial Conference, under oath, that he was apprised of and understood the Government's plea offer. *See* Pretrial Conf. Tr. [92] at 3-5 (Dec. 13, 2023). While Gandara may be able to show that his sentence would have been less severe had he accepted a plea bargain, the only actual evidence in the record is that Gandara, not Hightower, commanded the rejection of the plea, and Gandara has presented no argument that the Court would have accepted any particular plea. As such, Gandara's assertions on this score cannot support a claim of IAC, because they satisfy neither of the *Strickland* prongs. *See Strickland*, 466 U.S. at 687-88.

2. Ground Two

Gandara's second ground is duplicative of components of his first. He asserts that his counsel failed to explain and discuss options, the possible consequences of a decision to go to trial or accept a plea agreement, and to adequately counsel him on "the situation." Mem. [86] at 5-6. Gandara alleges no particular facts to support these conclusory statements, and as previously explained, Hornsby and Hightower both elucidate specific conversations they had with Gandara, including concerning the potential plea deal, his options regarding it, and its possible consequences. *See* Hornsby Aff. [89] at 2; Hightower Aff. [88] at 2-3. And again, Gandara testified under oath at the Pretrial Conference that he had a full understanding of the Government's plea offer, and affirmed that he made a "knowing, intelligent and voluntary decision to reject that offer and instead proceed to trial." Pretrial Conf. Tr. [92] at 4-5 (Dec. 13, 2023). The Court finds Gandara has put forth no colorable basis for IAC on this asserted ground.

3. Ground Three

Gandara's third ground for relief claims that his not-guilty plea was made "unknowingly, unintelligently, and involuntarily" due to IAC. Mem. [86] at 6. For reasons made obvious by the foregoing discussion, that argument is belied by the record. *See* Pretrial Conf. Tr. [92] at 5 (Dec. 13, 2023) (The Court: "[Y]ou are telling me that having understood the [G]overnment's offer, this is your own knowing, intelligent and voluntary decision to not accept that offer, and, instead, to proceed to trial; is that correct?" Defendant: "That is correct."). Gandara's conclusory

assertion, unsupported by any factual substance, that his plainly-stated agreement that his not-guilty plea was made knowingly, intelligently, and voluntarily was in fact unknowing, unintelligent, and involuntary because of some unalleged and undescribed deceit by his counsel is contradicted by the record and does not provide a credible basis for relief. And so this ground is also rejected.

4. Ground Four

Defendant's fourth ground is that his counsel failed to "object [to], [and] preserve for appeal and argue the cumulative errors throughout the pretrial and sentencing process." Mem. [86] at 8. Gandara's Memorandum [86] does not identify any specific "errors" that his counsel failed to object to, argue, or preserve for appeal, though a liberal construal of his discursive Declaration [85-1] yields a few asserted errors he might have intended to express. At the outset, the Court notes that a futile objection cannot support an IAC claim. *See Harper v. Lumpkin*, 64 F.4th 684, 699 (5th Cir. 2023) (finding no IAC for counsel's failure to make a "futile" objection); *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

With that in mind, Gandara's Declaration [85-1] states that: (1) his attorneys should have sought to discover transcripts of the Government's alleged coaching of witnesses; (2) his attorneys should have moved more forcefully for a polygraph of Gandara himself; and (3) Hightower should have investigated or petitioned the Court to investigate whether Hornsby was actually militarily deployed. *See* Decl. [85-1] at 8-9. Given that: (1) Gandara provides no factual substantiation of his

conclusory allegation that any Government-witness-coaching transcripts exist; (2) polygraphs are inadmissible at trial; and (3) questioning his previous counsel's military deployment was irrelevant to the crime for which he was charged (and subsequently convicted), the Court finds that Gandara has designated no errors that his counsel failed to object to or preserve that are not facially futile and meritless. He certainly has not shown prejudice by these assertions, and so *Strickland* is not satisfied on this ground.

5. Ground Five

Gandara's fifth ground contends that "counsel was ineffective for failing to properly investigate the facts surround[ing] the arrest, investigate reports, and the contradicting theories and evidence." Mem. [86] at 9. Gandara's Memorandum [86] adduces no facts to support this ground and merely points to his Declaration [85-1] for details. *Id.* Upon review, there is nothing that the Court can glean from the Declaration [85-1] that meets either of *Strickland*'s prongs of: (1) representation below an objective standard of reasonableness; or (2) prejudicially ineffective assistance. *See Strickland*, 466 U.S. at 687-88. This ground fails.

6. Ground Six

Defendant's sixth ground claims "counsel was ineffective for failing to explain plea offers and failing to properly engage in the plea negotiation process." Mem. [86] at 9. As already discussed in the analysis of grounds one, two, and three, Gandara discussed the Government's plea offer with his counsel, *see* Hornsby Aff. [89] at 2; Hightower Aff. [88] at 2-3, Gandara himself pressured Hightower to go to

trial, Decl. [85-1] at 9, and Gandara knowingly, intelligently and voluntarily rejected the plea deal, Pretrial Conf. Tr. [92] at 4-5 (Dec. 13, 2023). This ground is duplicative of Gandara's prior conclusory assertions and is not well-taken for the same reasons.

7. <u>Ground Seven</u>

Gandara's seventh ground is that "counsel was ineffective for failing to explain the sentencing exposure if convicted at trial or a plea of guilty." Mem. [86] at 9. This basis for relief is duplicative of some of his previously asserted grounds. First, Defendant confirmed under oath at his Pretrial Conference that he had discussed the proposed plea agreement and its sentencing exposure cap of five years with his attorney, asked him questions, understood the answers, and rejected the plea deal of his own accord. *See* Pretrial Conf. Tr. [92] at 3-5 (Dec. 13, 2023). And the Court had already discussed with Defendant the maximum sentencing exposure to the charged offense at his initial appearance on September 5, 2023. Dkt. [33] at 1:39-2:01 (The Court: "[The charged offense] carries a maximum penalty of not more than twenty years' imprisonment . . . . Do you understand the maximum penalty?" Defendant (under oath): "I do, Your Honor."). Gandara's assertions are contradicted by the record and so he is entitled to no relief on this ground.

The Court is aware that a counsel's failure "to properly inform [his client] about potential sentencing exposure may constitute ineffective assistance." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). The Fifth Circuit caselaw, however, discusses these as failures of counsel miscalculating sentencing exposure,

and then improperly informing their clients of their sentencing exposure based on those miscalculations. *See id.* at 358 ("[C]ounsel estimated that if [client] were to plead guilty, he would face a sentencing range of 262 to 327 months, which [was] inaccurate by 154 to 240 months"); *see also United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (deficient counsel where attorney underestimated client exposure by 27 months); *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004) (deficient counsel where attorney calculated sentencing exposure as 6-12 months when it was, in fact, 70-87 months). Here, Gandara has not alleged that his counsel misled him with miscalculated sentencing exposure estimates, and regardless, the record evidence shows he was informed of and swore under oath that he understood the maximum sentencing exposure he faced under the Superseding Indictment [29], *see* Dkt. [33] at 1:39 2:01, and under the plea bargain offered by the Government, *see* Pretrial Conf. Tr. [92] at 3-5 (Dec. 13, 2023).

8. Ground Eight

Gandara's eighth asserted ground claims "counsel was ineffective for violating petitioner's speedy trial rights." Mem. [86] at 10. He advances the argument that his speedy trial rights were violated on account of each of his attorneys filing requests for continuances of the trial date without his consent. *See* Decl. [85-1] at 6-10; *see also* Dkt. [21], [25], [27], [38]. But "for the purposes of excluding time from a defendant's Speedy Trial Act calculation, the defendant is bound by counsel's decision to seek a continuance, and his personal consent *is not required*." *United States v. Robinson*, 67 F.4th 742, 749-50 (5th Cir. 2023) (emphasis

added). Accordingly, Gandara has not alleged any basis for a violation of his speedy trial rights by his attorneys, and he cannot show prejudice under *Strickland*.

9. Ground Nine

The ninth ground states "counsel was ineffective for failing to investigate the registration of the vehicle." Mem. [86] at 10. Gandara does not intelligibly allege any facts about what he means by this statement, but the Court liberally interprets it to refer to the registration of the vehicle associated with the crime for which Defendant was convicted, and to mean that the registration should have been presented as evidence at trial because it would have been exculpatory, though Gandara does not explain how. *See* Decl. [85-1] at 6. That lack of explanation dooms this ground for IAC. "An applicant 'who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989)). Because Gandara has in no respect alleged how counsel's investigation into the registration of the vehicle would have altered the outcome of the trial, he cannot satisfy *Strickland*. *See Strickland*, 466 U.S. at 687-88.

10. Ground Ten

With his repetitious tenth submission, Gandara advances that "counsel was ineffective for his failure to investigate and inform petitioner of results." Mem. [86] at 10. Defendant does not state what counsel should have investigated or what he otherwise means, so this ground fails for the same reasons as grounds five and nine.

11. Ground Eleven

Next, Gandara argues that "counsel was ineffective for depriving petitioner [of his right] to testify at trial and sentencing." Mem. [86] at 10. That assertion is not well-taken. Though Defendant claims there is "no waiver on the record," here, *id.* at 12, at trial, on the record, Defendant declared to the Court, under oath, that he chose not to testify of his own free-will, Trial Tr. Vol. 5 [74] at 92, 94 (Jan. 10, 2024) (The Court: "Are you telling me this is your own decision, no one else's, yours alone, not to testify in this case?" Defendant: "That is correct, Your Honor."). Defendant was also given the opportunity to, and did speak at sentencing. *See* Sentencing Tr. [77] at 7-9 (Apr. 17, 2024) (Defendant takes oath, says that he agrees with his counsel's objections, and states *twice* that he has no added objections). Gandara makes no alternative fact-based explanation of how counsel deprived him of his right to testify. This ground is facially contradicted by Gandara's own testimony and cannot support his Motion [85] to Vacate on the basis of IAC.

12. Ground Twelve

The twelfth ground claims "counsel was ineffective for failing to properly challenge the information in the PSI" (meaning the Presentence Investigation Report [55] ("PSR")). Mem. [86] at 12. The only specific piece of information Defendant argues his attorney should have objected to is that the PSR stated that Gandara is a Mexican citizen, rather than an American citizen. Decl. [85-1] at 10. The record shows, however, that Hightower raised Gandara's contention that he is an American citizen at sentencing, and that the Court took note of Defendant's

position but stated that his citizenship had no effect on the sentencing guidelines calculations or his sentence. *See* Sentencing Tr. [77] at 7 (Apr. 17, 2024). Gandara's account is therefore factually wrong because his attorney did object, and futile, because there would have been no impact on sentencing even if his attorney did not object. *See Harper*, 64 F.4th at 699; *Clark*, 19 F.3d at 966. This ground cannot sustain Defendant's request for relief, either.

13. Ground Thirteen

Defendant's thirteenth ground for IAC asserts "counsel was ineffective for failing to explain to petitioner the indictment." Mem. [86] at 12. As with many of his conclusory allegations, Gandara does not provide any supporting factual substance in his Memorandum [86] for this claim and instead points to his Declaration [85-1] for details. *Id.* The only mention of alleged ineffective assistance with respect to an indictment in the Declaration [85-1] is Gandara's claim that his counsel did not inform him about the August 22, 2023, filing of the Superseding Indictment [29], and that he only learned of it on August 31, 2023, at his initial appearance. *See* Decl. [85-1] at 8; *Gandara*, 1:20-cr-00099-HSO-RPM (S.D. Miss). Even assuming that is true and that this nine-day delay fell below an objective standard of reasonableness, which the Court opines it does not, Gandara has made no allegation that this delay prejudiced his case in any way. Accordingly, this ground fails to support an IAC claim under *Strickland*. *See Strickland*, 466 U.S. at 687-88.

14. Ground Fourteen

Gandara's fourteenth ground contends "counsel was ineffective for failing to move to strike and to request a curative instruction during trial." Mem. [86] at 13. He then directs the Court to his Declaration [85-1], where he has attached a page indicating that Hightower did not request the striking of some testimony offered by the Government (Gandara makes no explanation of what that testimony concerned or how it affected his case), nor a curative instruction for the jury to disregard it. Decl. [85-1] at 14. In response to this argument, Hightower states:

> With regard to the issue raised by Mr. Gandara related to a supposed failure to request a curative instruction during trial, the undersigned believes Mr. Gandara has confused the court's direction (in response to counsel's contemporaneous objection) that if counsel believed the government had failed to properly link certain evidence to evidence later adduced at trial then counsel could move to strike the same. Suffice it to say, as the evidence unfolded at trial, counsel found such a motion to be neither supportable, nor strategic, and made no such request.

Hightower Aff. [88] at 8. As Gandara has offered no explanation for how Hightower's lack of a request to strike or cure constituted deficient performance, nor how it prejudiced his case, *see Strickland*, 466 U.S. at 687-88, whereas Hightower has explained how such requests would have been futile, *see Harper*, 64 F.4th at 699; *Clark*, 19 F.3d at 966, the Court finds this ground offers no basis for relief.

15. Ground Fifteen

Gandara's fifteenth ground for IAC in support of his Motion [85] to Vacate his conviction is that "counsel was ineffective for failing to properly consult with petitione[r] pre and during trial." Mem. [86] at 14. As previously discussed in the Court's analysis of grounds one, two, six, and seven, Gandara had the opportunity

to, and did consult with, his attorneys on numerous occasions. For the reasons stated before, this ground does not carry any of the burden Defendant must satisfy to show IAC. *See Strickland*, 466 U.S. at 687-88.

16. Ground Sixteen

The sixteenth ground for relief is that "counsel was ineffective for failing to make challenges," and further, that this claim is made in reference to "numerous testimony and evidence." Mem. [86] at 14. Gandara, again, does not actually identify any specific testimony or evidence to which he is referring, and instead makes his perfunctory averment that his Declaration [85-1] provides supporting details. *Id.* Even granting Gandara a liberal construction of his filings, in light of the Court's forgoing analysis, there are no details that support a finding of IAC for this ground in the Declaration [85-1]. And regardless, an attorney's decisions to make or not make particular challenges in litigation are strategic choices that are "virtually unchallengable." *Mejia*, 906 F.3d at 316. This ground fails.

17. Ground Seventeen

Gandara's seventeenth asserted ground states "counsel was ineffective for failing to properly investigate and subpoena [a] witness," specifically "Mr. Benavides." Mem. [86] at 14. Gandara contends that he requested that Hightower subpoena Eduardo Benavides as a defense witness, Decl. [85-1] at 6, 11, and that "all [Hightower] had to do was ask Mr. Eduardo B. if I was involved in the drugs, and his answer would have been enough," (presumably, for the jury to find him not guilty, but Gandara explains no further), *id.* at 6. Hightower clarifies that he chose

not to call Benavides as a witness because the jury would have also heard him testify that he had been convicted of possession of a large amount of cocaine in the car Gandara had recently bought for him. Hightower Aff. [88] at 6-7. "[D]eciding whether to call witnesses is a strategic trial decision . . . complaints of uncalled witnesses are disfavored as a source of *Strickland* habeas review." *Harris*, 408 F.3d at 190 (internal quotation marks omitted). Given Gandara's lack of any explanation for how calling Benavides would have benefited his case, Hightower's explanation of how it would have harmed it, and the fact that this Court reviews complaints of uncalled witnesses skeptically for purposes of *Strickland* habeas review, this ground cannot sustain the requested relief, either.

18. <u>Ground Eighteen</u>

Defendant's eighteenth and final ground argues his counsel was "ineffective for his failure to challenge, object [to,] and appeal the gun enhancement" and that "[c]ounsel failed to challenge the gun [enhancement] during pretrial, trail [sic], sentencing and post-trial stages." Decl. [85-1] at 2. The record rebuts that claim. Hightower objected to the firearm enhancement at sentencing, Sentencing Tr. [77] at 5 (Apr. 17, 2024), the Court sustained that objection, *id.* at 26, and the Court of Appeals affirmed the sentence, *see* Op. [79]. A gun enhancement was not imposed in this case, rendering this ground frivolous.

## III. EVIDENTIARY HEARING

A movant is not entitled to an evidentiary hearing on a § 2255 motion when that motion is "clearly frivolous or based upon unsupported generalizations," *see Harrison*, 910 F.3d at 826, and "[c]onclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing," *Reed*, 719 F.3d at 373; *see also Palacios*, 928 F.3d at 455. The Court will not grant an evidentiary hearing on the Motion [85] because it is supported solely by unsupported generalizations and conclusory allegations, and also because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Bartholomew*, 974 F.2d at 41.

Gandara's argument in his Reply [91] that the Court must convene an evidentiary hearing to make credibility determinations as between him and his former attorneys is not well taken. *See* Reply [91] at 3. While the forgoing analysis details why virtually all of Gandara's claims are unsupported by any factual substance, he has never demonstrated—or even plausibly alleged—prejudice on *any* of his asserted grounds, so he is also "not . . . entitled to relief as a matter of law, even if his factual assertions [are] true." *Harrison*, 910 F.3d at 826-27; *see also United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015) (explaining that when there are "dueling affidavits" between a prisoner and counsel, a "district court . . . can use its own knowledge of the record, its observations from trial, its prior experience with the parties and counsel, and clear contradictions between an

affidavit and other record documents" to determine whether the movant is entitled to an evidentiary hearing). There is no basis for an evidentiary hearing.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jose Humberto Gandara's Motion [85] to Vacate under 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing.

**SO ORDERED**, this the 23rd day of October, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE